UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) CASE NO. _____ ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE ESTATE OF ALEXANDER PERKINS, By and Through Its Special Administrator, | ) ) ) |
| TROY PERKINS, and | ) ) |
| REGINA Y. SHELTON, | ) ) |
| Defendants. | ) |

**COMPLAINT FOR INTERPLEADER RELIEF**

Plaintiff American General Life Insurance Company, by its undersigned attorneys, hereby files its Complaint for Interpleader Relief pursuant to 28 U.S.C. § 1335 against Defendants The Estate of Alexander Perkins, by and through its Personal Representative, Troy Perkins, and Regina Y. Shelton, and states as follows:

**Parties**

1. American General Life Insurance Company ("American General") is a Texas insurance company with its principal place of business in Houston, Texas.

2. Alexander Perkins was a citizen and resident of the State of Ohio, residing in Summit County at the time of her death. Therefore, the Estate of Alexander Perkins is a citizen of the State of Ohio pursuant to 28 U.S.C. § 1332(c)(2).

3. Troy Perkins ("Perkins") is a citizen and resident of the State of Ohio, residing in Stark County.

1

4. Regina Y. Shelton ("Shelton") is a citizen and resident of the State of South Carolina, residing in Sumter County.

## Jurisdiction and Venue

5. This Court has original jurisdiction of this civil action of interpleader pursuant to 28 U.S.C. § 1335. American General has in its custody or possession money or property of the value of $500 or more to which two or more competing claimants of diverse citizenship may claim to be entitled.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because one of the Defendants resides in Stark County, Ohio, which is in the Northern District of Ohio, Eastern Division pursuant to 28 U.S.C. § 115(a)(1).

## Factual Background

7. On or about December 27, 1991, Beverly Perkins (the "Decedent") applied for a $50,000 life insurance policy with The Old Line Life Insurance Company of America. *See* Application, attached hereto as **Exhibit A**.

8. The Application designated Alexander Perkins, Spouse as the primary beneficiary, and did not designate a contingent beneficiary. *See id.*

9. The Application also designated Alexander Perkins as the policy owner.

10. On or about January 2, 1992, the Decedent was issued The Old Line Life Insurance Company of America life insurance policy number 1810276 with a face amount of $50,000 (the "Policy"). A specimen version of the Policy is attached hereto as **Exhibit B**.

11. American General subsequently took over administration of the Policy.

12. Alexander Perkins died on December 17, 2021.

13. The Decedent died on January 7, 2022.

14. Regarding the Beneficiary, the Policy states,

**BENEFICIARY**

The beneficiary is as shown in the application unless changed. If no beneficiary survives the insured, the owner or the estate of the owner will be the beneficiary. However, if a trust is the owner and no beneficiary survives the insured, the estate of the insured will be the beneficiary.

*See* Ex. B at 7.

15. Thus, under the terms of the Policy, the Estate of Alexander Perkins is the beneficiary of the Policy death benefit.

16. However, Defendant Perkins has submitted a claim to the Policy death benefit in his individual capacity. *See* Perkins Claimant's Statement, attached hereto as **Exhibit C**.

17. American General has also received conflicting information regarding the heirs of the Estate of Alexander Perkins.

18. Defendant Perkins has provided a Proof of Heirship Affidavit indicating that he is the sole child and heir of the Decedent and Alexander Perkins. *See* Perkins Proof of Heirship Affidavit, attached hereto as **Exhibit D**.

19. However, Defendant Shelton has also provided a Proof of Heirship Affidavit indicating that both she and Defendant Perkins are children and heirs of Alexander Perkins. *See* Shelton Proof of Heirship Affidavit, attached hereto as **Exhibit E**.

## Count One

### Interpleader Relief

20. American General incorporates Paragraphs 1-19 by reference.

21. As a result of the foregoing, there exists actual or potential rival, adverse, and conflicting claims to the death benefit described above, and American General is unable to discharge its admitted liability without exposure to multiple liability, multiple litigation, or both.

22. American General is an innocent stakeholder seeking to interplead funds into the Court's Registry to resolve conflicting claims and potential rights to the benefits due and owing under the Policy.

23. American General neither has, nor claims, any interest in the death benefit under the Policy and at all times has been willing to pay the death benefit to the person or persons entitled to them.

24. American General should not be compelled to become involved in the dispute or contentions of the competing claimants, and the competing claimants should be ordered to litigate amongst themselves without further involvement of American General.

25. American General has in no way colluded with any of the parties named herein concerning the matters of this case. American General has filed this Complaint for Interpleader Relief of its own free will to avoid multiple liability, multiple litigation, or both.

26. American General will move for leave to deposit into the Registry of the Court the benefits due and owing under the Policy, plus accrued interest, if any.

27. American General alleges that it is entitled to interpleader relief pursuant to 28 U.S.C. § 1335, and further alleges that it is entitled to recover reasonable attorneys' fees and costs as a result of these proceedings.

**Relief Requested**

WHEREFORE, Plaintiff American General Life Insurance Company requests the following relief:

a. That Defendants be enjoined from instituting or prosecuting against American General any proceeding in any state or United States Court or administrative tribunal relating to the death benefit payable under Policy Number 1810276 and on account of the death of Beverly Perkins, and that said injunction issue without bond or surety;

b. That Defendants be required to make full and complete Answer to this Complaint for Interpleader Relief, and to set forth to which of them the death benefit, or any part thereof, rightfully belongs, and how they make their claims thereto;

c. That this Court determine and declare the rights of the Defendants to the death benefit due and owing under Policy Number 1810276;

d. That this Court discharge American General of and from any and all further liability under Policy Number 1810276 and on account of the death of Beverly Perkins;

e. That this Court excuse American General from further attendance upon this cause and dismiss American General from this case, with prejudice;

f. That this Court enter an order awarding American General its reasonable attorneys' fees and costs incurred in connection with this action, to be deducted from the death benefit due and owing under Policy No. 1810276; and

g. That this Court grant American General such other and further relief as this Court deems just and equitable.

Dated: October 5, 2022 　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Zachary R. Durant
　　　　　　　　　　　　　　　　　　　　　　ANDREW J. DORMAN (0063410)
　　　　　　　　　　　　　　　　　　　　　　ZACHARY R. DURANT (0098127)
　　　　　　　　　　　　　　　　　　　　　　**REMINGER CO., L.P.A.**
　　　　　　　　　　　　　　　　　　　　　　101 Prospect Avenue West, Suite 1400
　　　　　　　　　　　　　　　　　　　　　　Cleveland, Ohio 44115-1093
　　　　　　　　　　　　　　　　　　　　　　P: 216-687-1311
　　　　　　　　　　　　　　　　　　　　　　F: 216-687-1841
　　　　　　　　　　　　　　　　　　　　　　adorman@reminger.com
　　　　　　　　　　　　　　　　　　　　　　zdurant@reminger.com

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for American General*
　　　　　　　　　　　　　　　　　　　　　　*Life Insurance Company*